Dear Mr. Stewart,
You have requested an opinion of this office as to whether it is permissible for your office to pay legal fees incurred by the former district attorney in defending himself in an ongoing civil lawsuit.
According to your request, the former district attorney is involved in ongoing litigation brought against him in his individual capacity, not in his official capacity as District Attorney of the Second Judicial District. However, you state that upon reviewing the petition, it is apparent that the conduct complained of occurred as a result of the former district attorney speaking to the media about a case where an expungement order had been granted. The attorneys hired by the former district attorney have presented bills for legal services to your office for payment.
Based on these facts, you ask whether your office has any legal obligation to pay the legal expenses already incurred by the former district attorney in the civil suit and, if not, whether it is permissible for your office to do so.
It has been the consistent opinion of this office that if a local public official or employee is sued for civil damages or charged with crime and is found not liable/guilty and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay or reimburse the attorney's fees and expenses for the defense of the suit, provided the expenses were reasonable and necessary. See La. Atty. Gen. Op. Nos. 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, and 80-105; but see La. Atty. Gen. Op.. No. 89-401, which opined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him. *Page 2 
Based on the facts you presented, specifically, that litigation is ongoing, it would not be proper for your office to pay for or reimburse the legal fees incurred by the former district attorney at this time. This is consistent with past opinions of this office which concluded that before a local official can be reimbursed for the legal expenses incurred in defending himself from charges stemming from the performance of his official functions, the local official must first be found not guilty/liable.See La. Atty. Gen. Op. No. 99-356A (stating that "payment before the conclusion of the proceedings would not be consistent with the mandate that reimbursement be only upon the official being exonerated, and that is when litigation has concluded."); seealso La. Atty. Gen. Op. No. 97-369 (stating that "[t]he Attorney General's office has also consistently opined that public funds may only be utilized to pay the legal expenses incurred by public officials and employees in connection with civil suits brought against them if (and only after) the defense of the litigation is successful and if the allegations arose out of the performance of the official functions of the public officer or employee."); see also La. Atty. Gen. Op. No. 85-412 (opining that "where the action is still pending and the charges are viable, we believe that it is not legal for the payment to be made from public funds, as such is contrary to Article VII, Section 14 of the Louisiana Constitution.").
If, however, at the conclusion of the lawsuit, the former district attorney is either dismissed or found not liable, and your office determines that the lawsuit arose out of the former district attorney's performance of his official functions, then your office may, but is under no legal obligation to, pay for or reimburse him for the legal expenses he incurred defending the suit.
We note that legal fees should only be reimbursed to the extent you determine: (1) that the hourly rate charged by the public official's counsel was reasonable; (2) that the number of hours spent by counsel was reasonable and necessary; and (3) that any costs incurred by counsel were reasonable and necessary. La. Atty. Gen. Op. Nos. 94-369, 95-242, 98-433, 01-94, 07-0041. The determination of what is a reasonable amount of legal fees to be incurred in a particular case is a factual determination that our office cannot make. See La. Atty. Gen. Op. No. 03-0261 (opining that "[a]s to the reasonableness of the hourly rate charged by legal counsel, we are guided by the Attorney General's hourly fee schedule, a copy of which is enclosed. . . . Concerning the number of hours spent by and the costs incurred by counsel, it is not appropriate for this office to determine the reasonableness of same."); see also La. Atty. Gen. Op. No. 95-242. Such a determination must be made by your office after a thorough review of the attorney's bills. As to the reasonableness of the hourly rate charged by legal counsel, we enclose a copy of the attorney general's hourly fee schedule, which is offered for guidance only. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:__________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt